UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A. V. AVINGTON and PATRICIA ) | |
| AVINGTON, on behalf of their son, A.V.A., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0887-CVE-PJC |
| ) | **BASE FILE - Entries in this Case Only** |
| INDEPENDENT SCHOOL DISTRICT NO. 1 ) | |
| OF TULSA COUNTY, OKLAHOMA, ) | (Consolidated with |
| ) | Case No. 05-CV-0166-CVE-PJC) |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Vacate Order Dismissing Defendant Russell Pascarella (Dkt. # 50) and Defendant's Motion for Summary Judgment (Dkt. # 37).

**I.**

Anthony Avington attended Memorial High School in Tulsa, Oklahoma. The school created an accommodation plan to assist him with his educational goals, because Avington exhibited low reading skills and symptoms of an undiagnosed attention deficit disorder. The plan included four specific accommodations for Avington: (1) he was required to sit in the front of the class; (2) he was given additional time for assignments and test; (3) he could use a computer to complete long assignments; and (4) teachers were advised to provide periodic reminders to Avington to stay focused. These accommodations permitted Avington to attend some regular-education classes in addition to any special-education services he participated in under his accommodation plan.

During the 2004-2005 school year, Avington was a student in Russell Pascarella's geometry class. Pascarella had a class policy that any student discovered sleeping during class would be sprayed with a water bottle. Pascarella would spray a student in the face with a light mist and then

provide the student a paper towel to dry off. He advised his students of this policy at the beginning of each semester. Pascarella also discussed his method of waking students up at back-to-school night every year. Avington admits that he was aware of Pascarella's policy and noticed that Pascarella woke up several students with this method during the school year. The school administration was not aware of Pascarella's practice.

Pascarella was aware that Avington had an accommodation plan and complied with its requirements. With regard to his policy of waking students with a spray bottle, he did not treat Avington any differently than other students in his classes. On February 15, 2004, Avington fell asleep during class and Pascarella sprayed him with water. Avington did not report this incident to his parents or school administrators. Avington fell asleep during geometry class on March 24, 2004, and Pascarella once again sprayed him with a water bottle. Avington felt that Pascarella was intentionally embarrassing him in front of the class and walked out of the classroom. Avington punched a locker with his fist and was taken to the principal's office for leaving class without permission. He subsequently notified his parents about Pascarella's use of a spray bottle to wake him during class, and his parents complained to the school administration. This was the first notice that school officials had of Pascarella's practice, and he was immediately ordered to stop this practice. Pascarella ceased using the spray bottle after this incident.

Avington's parents noticed that he was increasingly angry and confrontational at home, and sent him to John W. Cleary, Ph.D., for psychological treatment. Avington claims that his behavior changed as a direct result of the embarrassment he suffered in Pascarella's class. He states that he began using marijuana and engaged in binge drinking to deal with his anger. He also claims that he began having sex more frequently as a result of this incident. Avington was a minor when this

incident occurred, so his parents filed this lawsuit on his behalf. The original complaint contained claims under the Americans with Disability Act, 42 U.S.C. § 12131 et seq. ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794, and a negligence claim under Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 et seq. ("GTCA"). Plaintiff sought permission to file an amended complaint. In his amended complaint, which he incorrectly filed as a "second amended complaint" (Dkt. # 31), he did not include any federal claims, but stated claims only for negligence and assault and battery pursuant to the GTCA. In his response to defendant's motion for summary judgment, plaintiff confirms that he intentionally omitted federal claims in his amended complaint and that he intends to pursue state law claims only.

## II.

Plaintiff acknowledges that he has abandoned any federal claims and there is no diversity of citizenship between the parties.[1] Plaintiff's state law negligence and battery claims were properly joined while he still had a federal claim pending. However, plaintiff voluntarily dismissed his federal claims and there is no independent jurisdictional basis for the Court to hear plaintiff's state law claims. By abandoning his federal claims, plaintiff has deprived the Court of subject matter jurisdiction over this controversy. Although the parties have not raised this issue, the Court has a duty to consider whether it has subject matter jurisdiction at every stage of the controversy. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006); Tafoya v. United States Dept. of Justice, 748 F.2d 1389, 1390 (10th Cir. 1984). Plaintiff invoked this Court's

---

[1] The allegations of the amended complaint establish that plaintiff and his parents are residents of Oklahoma and that defendant is a political subdivision of the city of Tulsa. Therefore, the parties are not diverse and the Court has no jurisdiction to hear state law claims under 28 U.S.C. § 1332.

jurisdiction under 28 U.S.C. § 1331 for his federal claims and relied on supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for his state law claims. Without his federal claims, there is no basis for the Court to assert supplemental jurisdiction over plaintiff's state law claims.[2] United States v. Botefuhr, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial). This is true even if plaintiff voluntarily dismisses federal claims with the express intention of defeating subject matter jurisdiction in federal court. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988). Therefore, plaintiff's remaining claims are dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Order Dismissing Defendant Russell Pascarella (Dkt. # 50) and Defendant's Motion for Summary Judgment (Dkt. # 37) are **deemed moot**. The case is hereby **dismissed** for lack of subject matter jurisdiction.

---

[2] Defendant argues that plaintiff's negligence claim is preempted by section 504 of the Rehabilitation Act, and that this is a substantial issue of federal law that is sufficient to create federal question jurisdiction. Defendant's sole argument is that federal law is so pervasive in the field of disability discrimination that state law is preempted. However, the mere existence of a federal regulatory scheme does not show that Congress intended to preempt state law. Keams v. Tempe Technical Institute, Inc., 39 F.3d 222, 225-26 (9th Cir. 1994). Courts have not found that the Rehabilitation Act completely occupies the field of disability discrimination, and state law in this area is not preempted. See Ellenwood v. Exxon Shipping Co., 984 F.2d 1270 (1st Cir. 1993) (Rehabilitation Act was designed to create uniform approach to disability discrimination by federal agencies, but was not intended to preempt state law); New Directions Treatment Serv. v. City of Reading, 415 F. Supp. 2d 501, 515-16 (E.D. Pa. 2005) (state laws remedying disability discrimination are not an obstacle to the goals of the Rehabilitation Act or the ADA). The Court does not find that section 504 of the Rehabilitation Act preempts plaintiff's negligence claim, nor is the negligence claim a basis for federal question jurisdiction.

**DATED** this 30th day of October, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT